John Gagliardi, Appellant,
v.
County of Allegheny, Borough of Jefferson Hills, and School District of West Jefferson Hills
No. 2128 C.D. 2008.
Commonwealth Court of Pennsylvania.
Submitted: November 6, 2009.
Filed: January 25, 2010.

OPINION NOT REPORTED
MEMORANDUM OPINION PER CURIAM.
John Gagliardi (Appellant) petitions for review of the October 7, 2008, order of the Court of Common Pleas of Allegheny County (trial court) sustaining the preliminary objections filed by the County of Allegheny (County), Borough of Jefferson Hills (Borough), and the School District of West Jefferson Hills (School District) and dismissing Appellant's complaint for failure to exhaust a statutory remedy. We affirm.
Appellant is the record owner of two parcels of real property located in the Borough known as Lot and Block 658-M-50 and Lot and Block 658-M-75. On May 15, 2008, Appellant filed an Amended Complaint for Declaratory Relief with the trial court alleging that the tax record descriptions and tax assessments for Appellant's properties are inaccurate and require correction.[1] The County, the Borough and the School District filed preliminary objections, each arguing, inter alia, that Appellant failed to exhaust a statutory remedy. The trial court sustained the preliminary objections and dismissed Appellant's complaint with prejudice. This appeal followed.[2]
Appellant argues that the trial court erred in sustaining the preliminary objections of the County, Borough, and School District and dismissing Appellant's complaint. We disagree.
In essence, Appellant is seeking to review the tax assessments of his properties by way of his Amended Complaint for Declaratory Relief. Section 7541(b) of the Declaratory Judgments Act (Act) states, "the remedy provided by this [Act] shall be additional and cumulative to all other available remedies except as provided in subsection (c)." 42 Pa. C.S. § 7541(b). Section 7541(c) of the Act provides:
(c) Exceptions.  Relief shall not be available under this subchapter with respect to any:
. . .
(2) Proceeding within the exclusive jurisdiction of a tribunal other than a court
(3) Proceeding involving an appeal from an order of a tribunal
42 Pa. C.S. § 7541(c).
In Deigendesch v. County of Bucks, 505 Pa. 555, 566, 482 A.2d 228, 233 (1984), our supreme court stated, "[b]y statute, review of a tax assessment . . . is a proceeding within the exclusive jurisdiction of the Board of Assessment Appeals. It has been held that the statutory remedy is mandatory and exclusive." Thus, an appeal to the Allegheny County Board of Property Assessment Appeals and Review is the exclusive procedure for Appellant to challenge the tax assessments of his properties.[3] As a result, the trial court lacked jurisdiction to entertain the declaratory judgment action, and dismissal of Appellant's amended complaint was proper.
Accordingly, we affirm.

ORDER
AND NOW, this 25th day of January, 2010, the order of the Court of Common Pleas of Allegheny County (trial court) dated October 7, 2008, is hereby affirmed.
NOTES
[1] Specifically, Appellant's amended complaint seeks: (1) a declaration that the tax record descriptions for Appellant's property are legally erroneous and require material correction; (2) a declaration that the tax assessments for Appellant's property are legally erroneous and require substantial reduction; (3) exoneration of all delinquent tax liens on Appellant's property; (4) forgiveness of all uncollected taxes on Appellant's property dating back to 1975; and (5) a change in the tax assessed value of Appellant's property from 1975 to the present.
[2] Our scope of review of an order of the trial court sustaining preliminary objections is limited to determining whether the trial court abused its discretion or committed an error of law. Higby Development, LLC v. Sartor, 954 A.2d 77 (Pa. Cmwlth. 2008).
[3] See the Act known as the Second Class County Assessment Law, Act of June 21, 1939, P.L. 626, as amended, 72 P.S. §§ 5452.1-5452.20.